UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIBOU PHOMTHEVY,

    Plaintiff,

    v.

WINCO HOLDINGS, INC.,

    Defendant.

No. 2:19-cv-00041-KJM-CKD

ORDER

On August 8, 2016, plaintiff Sibou Phomthevy began his employment with defendant WinCo Holdings, Inc. ("Winco").[1] First Amended Complaint ("FAC"), ECF No. 7, ¶¶ 6, 14. On or about October 2017, plaintiff began to suffer from a disability and was placed by his physician on two-week medical leave from his employment with WinCo. *Id.* ¶¶ 7, 9. In November 2017, as a result of his disability, plaintiff experienced severe back pain, was admitted to the emergency room and was required to take three additional days of medical leave from work. *Id.* ¶ 11. For his absence, plaintiff received "demerit points" from WinCo; under WinCo policy, too many "demerit points" provided grounds for termination. *Id.* ¶ 12. On January 7, 2018, WinCo terminated plaintiff for accumulating too many "demerit points." *Id.* ¶ 14.

---

[1] Although the First Amended Complaint names WinCo Foods Foundation, Inc. in the caption, the parties have stipulated that WinCo Holdings, Inc. is the properly named defendant in this action. *See* Stip, ECF No. 8; *see also* Mot. at 1 n.1.

1

On October 15, 2018, based on his termination, plaintiff initiated this action against WinCo in Sacramento County Superior Court; WinCo then timely removed the matter to this court on January 4, 2019. *See* Not. of Removal, ECF No. 1. On January 14, 2019, plaintiff filed the first amended complaint, which serves as the operative complaint here. *See* FAC. In all, plaintiff brings seven claims against WinCo: (1) disability discrimination, (2) failure to accommodate, (3) failure to engage in the good faith interactive process, (4) retaliation in violation of the Fair Employment and Housing Act, (5) retaliation for exercising leave under the California Family Rights Act, (6) retaliation/discrimination for use of sick leave, and (7) wrongful termination in violation of public policy. *See generally id.* WinCo now moves to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing plaintiff has not sufficiently alleged, among other things, he is "disabled" under California law. *See* Mot., ECF No. 9-1, at 2. Plaintiff opposes the motion, Opp'n, ECF No. 12, and WinCo has replied, Reply, ECF No. 19. On May 17, 2019, the court heard oral argument on the motion. Counsel Christina Begakis appeared for plaintiff and counsel Lindsay Fitch appeared for WinCo.

For the reasons set forth below, WinCo's motion to dismiss is GRANTED, with leave to amend.

I. <u>LEGAL STANDARD</u>

A party may move to dismiss a complaint against it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the movant can show the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). Determining whether a complaint will survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in a light most favorable to a plaintiff and accept as true its factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

1  II.     DISCUSSION

2          A.      Claims One Through Four

WinCo contends plaintiff's first four claims must be dismissed because he fails to plead facts sufficient to show a disability under California law. Reply at 2–3. Plaintiff argues his complaint adequately alleges he suffers from a disability under California law. *See generally* Opp'n. The court finds WinCo's arguments have merit.

As plaintiff concedes, his first four claims require that he allege he "had a disability" under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, and his fifth claim similarly requires he suffered from an eligible medical condition under California's Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2. Opp'n at 10 (listing elements for disability discrimination, failure to accommodate, failure to engage in interactive process, FEHA retaliation and CFRA retaliation). Thus, a properly pleaded disability or medical condition is an essential element of each of these claims.

As pertinent here, FEHA prohibits an employer from discharging an employee because of a "physical disability [or] mental disability." Cal. Gov't Code § 12940(a). The statute defines "physical disability" as:

> (1) Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following:
>
> (A) Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine.
>
> (B) Limits a major life activity. For purposes of this section:
>
> (i) "Limits" shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.
>
> (ii) A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult.
>
> (iii) "Major life activities" shall be broadly construed and includes physical, mental, and social activities and working.

(2) Any other health impairment not described in paragraph (1) that requires special education or related services.

(3) Having a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment described in paragraph (1) or (2), which is known to the employer or other entity covered by this part.

(4) Being regarded or treated by the employer or other entity covered by this part as having, or having had, any physical condition that makes achievement of a major life activity difficult.

(5) Being regarded or treated by the employer or other entity covered by this part as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability as described in paragraph (1) or (2).

(6) "Physical disability" does not include sexual behavior disorders, compulsive gambling, kleptomania, pyromania, or psychoactive substance use disorders resulting from the current unlawful use of controlled substances or other drugs.

*Id.* § 12926(m). It also defines "mental disability," as "[h]aving any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity." *Id.* § 12926(j)(1).

Although the statutory definitions of "physical and mental disabilities" should be broadly applied, *see id.* § 12926.1(c), at a minimum a disability claim under FEHA requires the claimant to allege a qualifying ailment that affects a bodily system, *id.* § 12926(m)(1)(A), and limits a major life activity, *id.* § 12926(m)(1)(B). Indeed, "[i]t is insufficient . . . simply to allege a disability or to identify an injury or physical condition." *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 47 (2006); *cf. Roman v. BRE Properties, Inc.*, 237 Cal. App. 4th 1040, 1054 (2015) (noting at summary judgment, "conversational use of the term 'disability' is not proof that [plaintiff's] condition, whatever it may be, equates to a disability within the meaning of the statutory definitions.").

Here, the first amended complaint merely alleges plaintiff "suffered and continues to suffer from a disability which requires ongoing treatment," and he experiences "severe back pain as a result of his disability." FAC ¶¶ 7, 11. Even viewed in the light most favorable to plaintiff, these assertions are nothing more than "[t]hreadbare recitals of the elements of a cause

4

of action." *Iqbal*, 556 U.S. at 678. The "severe back pain" he claims is a "result of his disability," but not the disability itself. FAC ¶ 11. These allegations leave WinCo, and the court, to speculate impermissibly as to what disability is actually causing plaintiff's pain, let alone what major life activity is limited by the unidentified disability.

Plaintiff's bare reference to his "disability" is analogous to the pleadings at issue in *Jaco v. Winco Holdings, Inc.*, No. 1:18-cv-00301-DAD-EPG, 2019 WL 1438069, at *1 (E.D. Cal. Mar. 31, 2019). There, considering similar disability and discrimination claims under FEHA, the court granted in part defendant's motion to dismiss because the only facts pled in support of plaintiff's disability were that her "kidney condition [] caused [her] to have urgent needs to urinate." *Id.*, at *8 (some alterations in original). Without more, the court was "unable to determine whether plaintiff's alleged condition makes achievement of a major life activity difficult and thus constitute [sic] a protected condition under FEHA." *Id.* Here, plaintiff's "disability" claim contains even less factual support, as he fails to explain in certain terms the disability that drives his "severe back pain." *Cf. Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 908 (N.D. Cal. 2015) (allegations of bipolar disorder, anxiety disorder and debilitating allergies were "specific conditions from which Plaintiff suffer[ed]" and were therefore certain enough to survive a motion to dismiss under the ADA and FEHA).

Plaintiff's disability-related claims under FEHA must be dismissed.

B. <u>Claim Five: CFRA Retaliation</u>

WinCo contends plaintiff's CFRA retaliation claim fails for two reasons because he has not adequately alleged (1) he is an "eligible employee" under CFRA's minimum service requirement, and (2) his leave eligibility under a qualifying CFRA purpose. Mot. at 8–9.

To establish retaliation under CFRA, a provision within FEHA, *Rogers v. Cty. of Los Angeles*, 198 Cal. App. 4th 480, 487 (2011), a plaintiff must show:

> (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised h[is] right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action,

5

such as termination, fine, or suspension, because of h[is] exercise of
h[is] right to CFRA leave.

*Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 604 (2016) (some alterations omitted).

For CFRA to apply, an employee must have "more than 12 months of service with the employer, and . . . at least 1,250 hours of service with the employer during the previous 12-month period." Cal. Gov't Code § 12945.2(a). Additionally, the employee must have a right to leave under a "qualifying CFRA purpose," which, as pertinent here, means the employee must suffer from a "serious health condition that makes [him] unable to perform the functions of the position." *Id.* § 12945.2(c)(3)(C). "Serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves either of the following: (A) Inpatient care in a hospital, hospice, or residential health care facility. (B) Continuing treatment or continuing supervision by a health care provider." *Id.* § 12945.2(c)(8)(A)–(B). In other words, "for an employee to be entitled to a medical leave for h[is] own serious health condition, the condition must cause h[im] to be unable to work at all or unable to perform one or more of the essential functions of h[is] position." *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1254 (2008), *as modified on denial of reh'g*.

Here, plaintiff has not adequately alleged his threshold eligibility to state a valid CFRA retaliation claim. First, although the first amended complaint references plaintiff's roughly 17-month service period with WinCo—from August 8, 2016 to January 7, 2018, FAC ¶¶ 6, 14—the complaint is devoid of any facts suggesting plaintiff satisfies the requirement of "1,250 hours of service . . . during the previous 12-month period." Cal. Gov't Code § 12945.2(a). Plaintiff's opposition also fails to address this deficiency. *See* Opp'n at 15–16. Second, plaintiff does not adequately show he possessed a right to leave under CFRA because of a "serious health condition." As explained above, the proper inquiry is whether a "serious health condition [] makes the employee unable to perform the functions of the position of that employee." *Lonicki v. Sutter Health Cent.*, 43 Cal. 4th 201, 213 (2008) (citing Cal. Gov't Code § 12945.2(c)(3)(C)). As with his FEHA claims, plaintiff alleges he "suffered and continues to suffer from a disability

6

which requires ongoing treatment," he "was placed on medical leave for two weeks," and he suffered from "severe back pain as a result of his disability . . . and was required to take three days of medical leave from work."  FAC ¶¶ 7, 9, 11.  Taken as true, the complaint still contains no allegations that plaintiff's disability, or his back pain, made him unable to perform the essential functions of his position.  Even under Rule 8's liberal pleading standards, *Bourke v. City of San Diego*, No. 14-CV-01047-BAS (RBB), 2015 WL 5839210, at *3 (S.D. Cal. Oct. 7, 2015), these conclusory allegations are insufficient to state a valid retaliation claim under CFRA.

      C.      <u>Claim Six: Retaliation/Discrimination for Use of Sick Leave</u>

WinCo contends plaintiff's sixth cause of action must be dismissed because "[t]here are no citations to any statute in the Complaint," and under Rule 8(a)(2), "Plaintiff must at least cite a statute and provide a 'short and plain statement' explaining why he is entitled to relief under that statute."  Mot. at 9 (citing Fed. R. Civ. P. 8(a)(2)).   And although plaintiff clarifies in his opposition that his claim is brought under California Labor Code section 246.5, Opp'n at 17, WinCo contends the claim still must be dismissed "[b]ecause these allegations are not contained in the Complaint," Reply at 3.

When considering a motion to dismiss under Rule 12(b)(6), the court's review is generally limited to the contents of the complaint.  *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  Certain extrinsic documents, however, are afforded an exception.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").  But if no exception applies, documents beyond the complaint, including opposition briefing, cannot be incorporated into the complaint to cure deficiencies.  *See, e.g.*, *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012) ("[M]emoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint.").

Here, even though plaintiff's opposition identifies California Labor Code section 246.5 as the statute under which he intends to bring his sixth cause of action, *see* Opp'n at 17, the

complaint itself identifies no legal basis, *see* FAC ¶¶ 60–63.  For this reason, plaintiff's sixth claim must be dismissed.

        D.      <u>Claim Seven: Wrongful Termination in Violation of Public Policy</u>

To establish a claim for wrongful termination in violation of public policy, plaintiff must show: "(1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm.  *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014).  Plaintiff must also "identify[] the specific statute(s) or constitutional provision(s) on which [he] bases [his public policy] claim."  *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1189 (C.D. Cal. 2013) (citing *Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 78 (1998)).  In other words, a sufficiently pleaded wrongful termination claim must be "tethered to a statutory or constitutional provision to support liability."  *Yau*, 229 Cal. App. 4th at 155.

Here, the first amended complaint identifies "California's Constitution, the FEHA, and Government Code Section 12490, et seq." as the sources of policy WinCo allegedly violated when it terminated plaintiff "due to his disability."  FAC ¶ 66.  These allegations are insufficient to establish a "nexus" between constitutional or statutory provisions and the harm alleged.  *Yau*, 229 Cal. App. 4th at 159 (considering whether plaintiff's complaint "alleged a nexus sufficient to survive demurrer").  For one, to the extent plaintiff relies on FEHA or Government Code section 12490 as a policy source, the court already has found the complaint fails to sufficiently allege an eligible disability under FEHA; therefore, as pleaded there is no established FEHA policy to which plaintiff's wrongful termination claim can attach.  *Cf. Alejandro*, 129 F. Supp. 3d at 915 (sustaining wrongful termination claim where plaintiff had already sufficiently alleged cause of action under FEHA).  Moreover, the complaint provides no facts or cites to any authority linking plaintiff's wrongful termination claim to a specific provision of the California Constitution.  It merely references the state Constitution in general terms as a possible source of a policy that WinCo has violated.  *See* FAC ¶ 66.  Finally, as WinCo contends, plaintiff's assertions that WinCo terminated him "using a pretextual reason of violating Defendants' policy of

1 accumulating too many 'points,'" *id.* ¶ 14, "discriminated against [him] because of his disabilities," *id.* ¶ 23, and wrongfully terminated him "due to his disability," *id.* ¶ 66, are legal conclusions that cannot satisfy Rule 8's standards. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). For these reasons plaintiff's seventh claim must also be dismissed.

E. Leave to Amend

Although the court grants WinCo's motion in its entirety, plaintiff will be granted the opportunity to amend. Federal Rule of Civil Procedure 15(a)(2) provides "[t]he court should freely give leave [to amend pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," *Ascon Props. Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

Guided by these principles, the court grants plaintiff leave to amend his First Amended Complaint. First, this is the first time the court has granted plaintiff an opportunity to amend, as he filed his First Amended Complaint as allowed as a matter of course. *See* Fed. R. Civ. P. 15(a). Second, the flaws in the complaint identified above are mostly factual, with the addition of certain omissions of statutory support; thus, there is no indication plaintiff if given the opportunity to amend cannot cure these deficiencies. *See Ascon Props.*, 866 F.2d at 1160 ("Leave need not be granted where the amendment of the complaint would . . . constitute[] an exercise in futility."). Finally, WinCo has not argued leave to amend is unwarranted. *See generally* Mot.; Reply. For these reasons, plaintiff is granted to leave to amend the complaint in its entirety.

/////
/////
/////
/////
/////

9

1  III.     CONCLUSION

2          For the reasons set forth above, WinCo's motion to dismiss, ECF No. 9, is

3  GRANTED with leave to amend.  The Second Amended Complaint shall be filed within fourteen

4  (14) days of the date this order is filed.

5          IT IS SO ORDERED.

6  DATED:  July 11, 2019.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE