UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIBOU PHOMTHEVY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINCO HOLDINGS, INC. d/b/a WINCO FOODS,<br><br>　　　　Defendant. | No. 2:19-cv-00041-KJM-CKD<br><br><br>ORDER |

Defendant Winco Foods ("Winco") moves to dismiss ("MTD") plaintiff's second amended complaint ("SAC"), MTD, ECF No. 27, and also for sanctions, Mot. Sanctions, ECF No. 32. Plaintiff Sibou Phomthevy opposes both motions. Opp'n to MTD, ECF No. 28; Opp'n to Mot. Sanctions, ECF No. 34. Winco replied to both oppositions. MTD Reply, ECF No. 31; Sanctions Reply, ECF No. 35. The court grants the motion to dismiss and denies the motion for sanctions, as explained below.

I.     BACKGROUND

This is defendant's second motion to dismiss. The court reviewed the relevant facts in its order on the first motion, and references them generally here. *See generally* Order on MTD at 1–2, ECF No. 22. Plaintiff's claims for disability discrimination, failure to accommodate disability, failure to engage in interactive process and retaliation under the California Fair

1

Employment and Housing Act ("FEHA") all rely on the allegation that he has a statutorily defined disability. *See* SAC ¶¶ 24, 39, 52, 63. Plaintiff's claim for violation of the California Family Rights Act ("CFRA") relies on the allegation he suffered a "serious health condition" under the statute. *Id.* ¶ 77. Plaintiff's final claim for relief is a common-law claim for termination in violation of public policy, in this case his termination in violation of FEHA and CFRA. *Id.* ¶ 89. As a result, it too rests on the allegations that plaintiff is disabled in the meaning of FEHA and suffers a serious health condition in the meaning of CFRA.

In its prior order, the court found the first amended complaint insufficiently alleged facts supporting the existence of a disability. Order on MTD at 3. Specifically, the court found the allegation that plaintiff "suffered and continues to suffer from a disability which requires ongoing treatment," causing him to experience "severe back pain as a result of his disability," was insufficient to state a claim. Order on MTD at 4, *quoting* First Am. Compl. ¶ 7, 11. Plaintiff's second amended complaint now states, "[s]pecifically, Plaintiff suffered from an acute back injury, and continues to suffer from chronic and severe back pain that limited major life activities including but not limited to: sleeping, getting out of bed, walking, sitting, lifting, bending and moving." SAC ¶ 8.

II.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

1    conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting
2    *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss
3    for failure to state a claim is a "context-specific task that requires the reviewing court to draw on
4    its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the
5    interplay between the factual allegations of the complaint and the dispositive issues of law in the
6    action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).
7        In making this context-specific evaluation, this court must construe the complaint
8    in the light most favorable to the plaintiff and accept as true the factual allegations of the
9    complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal
10   conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted*
11   *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to
12   judicial notice" or to material attached to or incorporated by reference into the complaint.
13   III.   DISCUSSION
14       Defendant contends plaintiff still fails to allege facts sufficient to support his claim
15   of a FEHA-protected disability. The court agrees. At hearing on the earlier motion, the court
16   stated, "So just one example, the allegation of severe back pain as a result of the disability but no
17   identification of the disability, that would need to be cured." May 17, 2019 Hr'g Tr., ECF No. 26
18   at 3:2–5. In other words, the court directed plaintiff to specify the source of his pain, which
19   plaintiff described as resulting from his disability, rather than relying on the pain as the disability
20   itself. Plaintiff now alleges the disability causing his pain is a generalized "acute back injury."
21   SAC ¶ 8. This allegation addresses the court's observation at hearing quoted above, but as the
22   court noted that recommendation was not exclusive. Defendants are correct that the new
23   allegation, standing alone, is insufficient to show the plausibility of plaintiff's claims as required.
24       To show he is disabled by a physical condition under FEHA, plaintiff must show
25   he has a condition that affects one or more bodily systems and limits a major life activity,
26   including working. Cal. Gov't Code § 12926(m)(1). Pain may constitute a disability if there is a
27   "corresponding limitation on activity." *Arteaga v. Brink's Inc.*, 163 Cal. App. 4th 327, 348
28   (2008). Here, plaintiff alleges his back pain resulting from an acute back injury limits his

sleeping, getting out of bed, walking, sitting, lifting, bending and moving. SAC ¶ 8. This is the full extent of his explanation of how his disability limits him. Plaintiff need not provide a detailed description of how his disability limits each activity; however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It is impossible to discern from the complaint how and in what way the acute back injury limits plaintiff's activities.

Likewise, the complaint lacks factual detail about plaintiff's job. Several types of FEHA claims require plaintiff to prove he could perform the essential duties of his job with reasonable accommodation. *See Wills v. Sup. Ct.*, 195 Cal. App. 4th 143, 159–60 (2011) (disability discrimination requires ability to perform job with or without accommodation); *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1010 (2009) (failure to accommodate requires ability to perform job with reasonable accommodation); *Wilson v. Cty. Of Orange*, 169 Cal. App. 4th 1185, 1193 (2009) (failure to engage interactive process relies on reasonable accommodation). While plaintiff need not identify specific reasonable accommodations at the pleading stage, *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015), he must provide more than vague notice of his "acute back injury" limiting a selection of major life activities, many of them unrelated to the workplace. The complaint does not identify the title of plaintiff's position with defendants, much less provide a broad sketch of his essential duties, leading defendants and the court to speculate as to how his limitations would have necessitated accommodation.

The same defect renders plaintiff's CFRA claim insufficiently pled as well. To state a right to leave work under CFRA, the plaintiff must show his health condition "makes the employee unable to perform the functions of the position of that employee." *Lonicki v. Sutter Health Cent.*, 43 Cal. 4th 201, 213 (2008) (citing Cal. Gov't Code § 12945.2(c)(3)(C)). The court cannot discern plaintiff's job functions at this point.

Lastly, because plaintiff does not plead facts that plausibly make out his protection under FEHA, his wrongful termination in violation of public policy claim must fail as well. That cause of action requires that plaintiff's termination be substantially motivated by a violation of

1 public policy.  *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014).  Here, the
2 nonconclusory facts alleged are too threadbare to plausibly support that there was a violation of
3 public policy.
4      To state claims, plaintiff must plead facts, not just conclusory statements of law.  If
5 taken as true, those factual allegations must establish a plausible connection from his injury, to his
6 limitations on life activities, to his need for accommodation at his job.  The complaint still is
7 simply too threadbare in numerous respects to establish the required connections at present.
8 Therefore, defendant's motion to dismiss is GRANTED.
9      IV.     LEAVE TO AMEND AND SANCTIONS
10      Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give
11 leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court is
12 "guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on
13 the pleadings or technicalities."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.
14 1987) (citation and internal quotation marks omitted).
15      Despite defendant's assertion that the court admonished plaintiff his complaint
16 would be dismissed with prejudice for failure to comply, the court can find no record of that
17 admonishment in either the hearing transcript or the prior order.  Defendants also argue the
18 medical records they received in discovery demonstrate plaintiff did not have a disabling back
19 injury at all, rendering amendment futile and the complaint sanctionable.  *See* Decl. of
20 Christopher Truxler, ECF No. 32–2, ¶ 4.  The parties dispute whether these medical records
21 present an exhaustive picture of plaintiff's health.  Plaintiff's counsel represents she served a
22 supplemental response to interrogatories identifying several more health providers than initially
23 disclosed, and that defendant's subpoena of records to those providers remained pending as of the
24 opposition to the motion for sanctions.  Decl. of Christina Begakis, ECF No. 34–1, ¶¶ 15–16;
25 Opp'n to Mot. Sanctions Ex. 3, ECF No. 34–4.
26      At present, it appears plaintiff's lack of support for a disability may be due to an
27 incomplete picture of his medical history, rather than a total absence of factual support.
28 Ultimately, without more, whether plaintiff's medical records support the existence of an acute

back injury constituting a protected disability is essentially a factual dispute not suited for resolution on a motion to dismiss. *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013) ("Our task is not to resolve any factual dispute" on a 12(b)(6) motion). Because it is possible plaintiff's medical records could support the existence of the unspecified acute back injury, the court will grant leave to amend consistent with the reasoning above. For the same reasons, sanctions for failure to bring a claim based on factual contentions with evidentiary support are denied.

All of the above said, should plaintiff bring a third amended complaint that cannot remedy the deficiencies identified here, the court anticipates dismissing this action with prejudice. If plaintiff's amended complaint lacks evidentiary support in light of a more complete picture of his health, defendant may renew its motion for sanctions.

V. <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss is GRANTED in full, with leave to amend. Defendant's motion for sanctions is DENIED. Plaintiff shall file a third amended complaint, if any, no later than twenty-one (21) days from the issuance of this order. This order resolves the filings at ECF Nos. 27 and 32.

IT IS SO ORDERED

DATED: October 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE